# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN O'NEILL BROWNE, DOLORES RITA BROWNE, and ALLEGRA SAENS COLEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>SHOPIFY, INC. and VALORI L. ZASLOW,<br><br>Defendants. | CIVIL ACTION NO. 14-4711<br><br>**Document Electronically Filed** |

## DEFENDANT SHOPIFY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Dated: March 24, 2015

**FLASTER GREENBERG, P.C.**
Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002-4609
Telephone No. (856) 661-1900
Facsimile No. (856) 661-1919
adam.gersh@flastergreenberg.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

| | Page(s) |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 2 |
| ARGUMENT | 4 |
| I. PLAINTIFFS BEAR THE BURDEN OF SHOWING THIS COURT HAS JURISDICTION | 4 |
| II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO PERSONAL JURISDICTION OVER SHOPIFY | 5 |
| III. ALTERNATIVELY, PLAINTIFFS' COPYRIGHT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM | 8 |
| IV. THIS COURT LACKS JURISDICTION TO HEAR THE REMAINDER OF PLAINTIFFS' CLAIMS AGAINST SHOPIFY | 10 |
| CONCLUSIONS | 11 |

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Amberg-Blyskal v. Transp. Sec. Admin.,
   832 F. Supp. 2d 445 (E.D. Pa. 2011) ...................................................................................4

Asahi Metal Indus. Co., Ltd. v. Superior Court of California,
   480 U.S. 102 (1987) ..............................................................................................................6

Burger King Corp. v. Rudzewicz,
   471 U.S. 462 (1985) ..............................................................................................................6

Cramer v. Crestar Fin. Corp.,
   38 U.S.P.Q.2d 1684 (4th Cir. 1995) .....................................................................................9

Damiano v. Sony Music Entm't, Inc.,
   975 F.Supp. 623 (D.N.J. 1997), appeal dismissed, 166 F.3d 1204 (3d Cir. 1998)..................9

Desktop Technologies, Inc. v. Colorworks Reprod. & Design,
   1999 WL 98572 (E.D. Pa. Feb.25, 1999) ............................................................................7

Fisher v. Teva PFC SRL,
   212 F. App'x 72 (3d Cir. 2006) .............................................................................................4

Goodman v. Harry Fox Agency,
   CIV. 03-1176 (JBS), 2003 WL 25269381 (D.N.J. Dec. 30, 2003) ........................................9

IMO Indus. v. Kiekert AG,
   155 F.3d 254,257 (3d Cir. 1998) .........................................................................................5

Int'l Shoe Co. v. Washington,
   326 U.S. 310 (1945) ..............................................................................................................6

Marino v. Usher,
   No. CIV. 11-6811, 2014 WL 2142118 (E.D. Pa. May 21, 2014) ..........................................9

O'Keefe v. Mercedes-Benz USA, LLC,
   214 F.R.D. 266 (E.D. Pa. 2003) .........................................................................................10

Patrick Collins, Inc. v. Does 1-26,
   843 F. Supp. 2d 565 (E.D. Pa. 2011) ...................................................................................9

Pinker v. Roche Holdings Ltd.,
   292 F.3d 361 (3d Cir.2002) ..................................................................................................6

Techniques, Inc. v. Rohn,
   592 F.Supp. 1195 (S.D.N.Y. 1984) ......................................................................................9

Telebrands Corp. v. Exceptional Prods. Inc.,
   No. 11–CV–2252, 2011 WL 6029402 (D.N.J. Dec. 5, 2011) ...................................................9

Time Share Vacation Club v. Atl. Resorts, Ltd.,
   735 F.2d 61 (3d Cir. 1984)......................................................................................................5

Toys "R" Us, Inc. v. Step Two, S.A.,
   318 F.3d 446 (3d Cir. 2003)............................................................................................5, 7, 8

World–Wide Volkswagen Corp. v. Woodson,
   444 U.S. 286 (1980)................................................................................................................6

Zippo Mfg. Co. v. Zippo Dot Com, Inc.,
   952 F.Supp. 1119 (W.D. Pa. 1997) .........................................................................................7

**FEDERAL STATUTES**

17 U.S.C. § 411(a) (2012)................................................................................................8, 9

**RULES**

Federal Rule of Civil Procedure 12(b)....................................................................................2, 4

Federal Rule of Civil Procedure 12(b) (1), (2), and (6) ...................................................................4

Federal Rule of Civil Procedure12 .................................................................................................2

**CONSTITUTIONAL PROVISIONS**

Constitution of the United States ....................................................................................................4

Fifth Amendment ........................................................................................................................5, 6

United States Constitution ..............................................................................................................5

## PRELIMINARY STATEMENT

Shopify, Inc. ("Shopify"), a Canadian company, is an innocent bystander that, without justification, was drawn into this business divorce wherein Plaintiff Allegra Saens Coleman and her children, Plaintiffs Jonathan O'Neill Browne, Dolores Rita Browne (collectively, "Plaintiffs" or the "Colemans"), assert claims against Defendant Zaslow (collectively, the "ReEvent Parties") relating to a business venture they attempted to develop called ReEvent. Shopify operates a cloud-based commerce platform that allows merchants to create online stores, sell their products and manage their businesses and the ReEvent Parties, without solicitation to do so, signed up for a Shopify account. The claims against Shopify should not be allowed to proceed because (i) Shopify is not subject to personal jurisdiction before this Court because it did not purposefully avail itself of the benefits of doing business in Pennsylvania or otherwise target its services to customers in Pennsylvania and, to the contrary, the ReEvent account was initially established through Plaintiff Jonathan O'Neill Browne, who lives in Florida; (ii) Plaintiffs fail to state a claim for copyright infringement because they have no registered copyright; and (iii) without a viable federal claim against Shopify, there is no basis for this Court to assert subject matter jurisdiction.

By way of background, the ReEvent Parties used Shopify's online service as a platform to create the online component of their business and, using a free Shopify template available to Shopify account holders, created an online store. Initially, the Shopify account was established by Defendant Jonathan O'Neill Browne, who is, according to the Complaint filed in this Action a Florida Resident. (See Complaint, Docket Entry No. 1 at ¶ 13.) This service was not targeted toward Pennsylvania, or even U.S. customers, but, rather is made available through the internet and targeted to businesses looking to develop an online presence. The ReEvent store never conducted commerce and Shopify did not become involved in anyway in business transactions in

Pennsylvania for the ReEvent Parties. When Shopify was notified of a dispute among the ReEvent Parties as to ownership of the online store, in accordance with its terms of service, it requested proof of rightful ownership of the account and, when it could not determine ownership, it disabled the store to preserve the account and its content for whomever was determined to be the rightful owner among the ReEvent Parties.

Based on these facts, which are not in any way contradicted by Plaintiffs' pleading, and as set more fully herein Plaintiffs cannot (i) meet their burden on demonstrating this Court has personal jurisdiction over Shopify, which did not purposefully avail itself of the benefits of doing business in this forum; (ii) state a claim under the Copyright Act when they have no registered copyrights; or (iii) meet their burden of demonstrating this Court has subject matter jurisdiction, which Plaintiffs did not even allege in their Complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b), Plaintiffs' claims against Shopify should be dismissed.

**FACTUAL BACKGROUND**

Shopify incorporates by reference the facts set forth in Plaintiffs' Complaint. Pursuant to Federal Rule of Civil Procedure12 (2015), these facts, although disputed, shall be accepted as true for the purposes of this Motion only.

Shopify is a Canadian business offering a cloud-based commerce platform that allows its merchants to create online stores, sell their products and manage their businesses. (See accompanying declaration of Joseph A. Frasca, Esquire ("Frasca Decl.") at ¶ 3). Shopify does not have offices or employees in the U.S., let alone in Pennsylvania. (Id. at ¶ 4). Shopify does not engage in any direct marketing efforts designed to target customers in Pennsylvania, or in any other state for that matter, and instead focuses its marketing efforts on identifying businesses looking to establish or enhance their online presence. (Id. at ¶ 5).

On or about August 14, 2013, Plaintiff Jonathan O'Neill Browne, using a trial subscription, created an account with Shopify, subsequently, authorizing all of the ReEvent Parties as "Users" of the account. (Id. at ¶ 6).

The ReEvent Parties set up a virtual storefront using one of the standard storefront templates Shopify makes available to its customers. (Id. at ¶ 7). The ReEvent Parties did not create the look of their storefront from scratch, but, rather, modified an existing template by making changes to color schemes, selecting various layout options, and uploading content (e.g., images and descriptions of items to be offered for sale). (Id. at ¶ 8). The ReEvent storefront did not make any sales. (Id. at ¶ 9). In a letter dated June 9, 2014, Shopify was notified by Mary Beth Bogan, Esquire, counsel for Defendant Zaslow, of a dispute as to the ownership of ReEvent. (Id. at ¶ 10). On June 11, 2014, Plaintiff Delores Brown removed Defendant Zaslow as a user on the account. (Id. at ¶ 11). On June 19, 2014, Shopify added Defendant Zaslow as the owner of the account after receiving documentation substantiating Defendant Zaslow's ownership in ReEvent. (Id. at ¶ 12). Through June 19, 2014, Shopify received a number of emails and messages from various ReEvent Parties claiming exclusive right to the account. Based on the documentation submitted to Shopify from the ReEvent Parties, Shopify was not able to readily discern rightful ownership of the account and, as a result, on June 19, 2104, Shopify disabled the ReEvent account and asked for either agreement or a court order as to which of the ReEvent Parties had a right to access the store. (Id. at ¶ 13).

In response, the Colemans initiated this action against Defendant Zaslow and Shopify, dragging Shopify into this business divorce even though it has no business being involved in this dispute. As to Shopify, the Colemans' Complaint asserts claims for declaratory judgment as to "copyright" ownership (Counts 1 and 2); breach of contract (Count III); breach of the covenant

of good faith and fair dealing (Count IV); breach of fiduciary duty (Count IX); negligence (Count X), gross negligence (Count XII); and declaration that the limitations on damages contained in Shopify's terms of service are unenforceable (Count XVI).

## ARGUMENT

### I. PLAINTIFFS BEAR THE BURDEN OF SHOWING THIS COURT HAS JURISDICTION

Federal Rule of Civil Procedure 12(b) permits a party to move to seek dismissal of a complaint for, among other reasons:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction; and

(6) failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b) (1), (2), and (6) (2015). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b) is axiomatic that Plaintiffs bear the burden of establishing personal jurisdiction over Shopify and subject matter jurisdiction over the claims asserted. Fisher v. Teva PFC SRL, 212 F. App'x 72,75 (3d Cir. 2006) (holding plaintiff bears the burden of showing personal jurisdiction); Amberg-Blyskal v. Transp. Sec. Admin., 832 F. Supp. 2d 445, 447 (E.D. Pa. 2011) (dismissing complaint and holding "plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged");.

To meet their burden of showing this Court has personal jurisdiction over Shopify, Plaintiffs must demonstrate that Shopify has sufficient minimum contacts with Pennsylvania "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice. '" Fisher v. Teva PFC SRL, 212 F. App'x 72,75 (3d Cir. 2006). Pennsylvania's long-arm statute only authorizes this Court to entertain jurisdiction over non-resident defendants to the extent allowed under the Constitution of the United States. 42

Pa.C.S.A. § 5322(b). Consequently, the reach of this Court's personal jurisdiction under the Pennsylvania statute is coextensive with the due process clause of the Fifth Amendment to the United States Constitution. Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove by a preponderance of evidence facts that establish personal jurisdiction. IMO Indus. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998).

Similarly, to meet their burden of showing this Court of limited jurisdiction has subject matter jurisdiction over the claims asserted in this action, Plaintiffs must identify a viable jurisdictional basis for this Court to hear their claims, which Plaintiffs' Complaint fails to do.

As set forth herein, Plaintiffs cannot meet their burden of demonstrating personal jurisdiction over Shopify because any nexus between Shopify and Pennsylvania are merely incidental and not the product of Shopify purposefully availing itself of the benefit of doing business in Pennsylvania. Likewise, Plaintiffs' abject failure to identify a basis for subject matter jurisdiction is fatal to Plaintiffs' claim, especially, as set forth herein, Plaintiffs' causes of action under the Copyright Act fail as a matter of law to state a prima facie case.

Accordingly, Plaintiffs' claims against Shopify should be dismissed in their entirety.

## II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO PERSONAL JURISDICTION OVER SHOPIFY

Although certain Plaintiffs and Defendant Zaslow are located in Pennsylvania and were added as "users" to a Shopify account initially established by a Florida resident, that, in and of itself, does not suffice to confer personal jurisdiction on Shopify, a Canadian Company, or Shopify would be subject to jurisdiction in every single Court in this country. As this Circuit recognized, the mere operation of a website that may be accessed in the forum state does not give rise to personal jurisdiction alone. See e.g., Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446,

451-55 (3d Cir. 2003) (holding defendant's maintenance of interactive, commercial web sites in Spain accessible in the forum state did not establish minimum contacts sufficient to support exercise of personal jurisdiction despite evidence of sales in the forum state).

Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the "plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir.2002). Beyond this basic nexus, for a finding of specific personal jurisdiction, the Due Process Clause of the Fifth Amendment requires (1) that the "defendant ha[ve] constitutionally sufficient 'minimum contacts' with the forum," id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)), and (2) that "subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice,' " id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The first requirement, "minimum contacts," has been defined as "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109, 107 (1987) (quoting Burger King Corp., 471 U.S. at 475). Second, jurisdiction exists only if its exercise "comports with traditional notions of fair play and substantial justice," i.e., the defendant "should reasonably anticipate being haled into court" in that forum. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

As applied to this case, it is clear that Shopify cannot be said to have availed itself of the privilege of doing business in Pennsylvania when Shopify has taken no steps whatsoever to direct its business to the geography of this forum. Shopify has no offices or employees in this forum, nor does Shopify target Pennsylvania businesses. (Frasca Decl. at ¶ 4). Indeed, our

Circuit has consistently held that evidence of purpose availment requires evidence that reflects "intentional interaction with the forum state." Toys "R" Us, Inc., 318 F.3d at 54. The 3rd Circuit has held, "If a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the "purposeful availment requirement is satisfied," but Shopify has done neither. Id.

As the Court explained in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997), one of the earliest cases to explore the bounds of personal jurisdiction in this context, the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity targeted at the forum state falls. The Zippo court emphasized the intentional nature of the defendant's conduct vis-a-vis the forum state. Id. at 1126. As another district court in this Circuit put it, "[c]ourts have repeatedly recognized that there must be 'something more' . . . to demonstrate that the defendant directed its activity towards the forum state." Desktop Technologies, Inc. v. Colorworks Reprod. & Design, 1999 WL 98572, at *5 (E.D. Pa. Feb.25, 1999) (citation omitted) (emphasis added).

Under this standard, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts."

Plaintiffs clearly cannot meet this burden because they have no evidence to suggest Shopify targets its business to Pennsylvania residents, and, indeed, it does not. (See Frasca Decl. at ¶ 5). In fact, according to Plaintiffs' own pleadings, the Shopify account was established by Florida resident Plaintiff Jonathan O'Neill Browne and not by any resident of Pennsylvania such

that Shopify would have no idea that this business was operating out of Pennsylvania when the account was first created. As in Toys "R" Us, Inc., Plaintiffs fail to meet their burden of proving this Court has jurisdiction and that Shopify purposefully availed itself of the benefits of doing business in Pennsylvania because Plaintiffs cannot show that Shopify's website is designed or intended to reach customers in Pennsylvania.

In summary, Plaintiffs fail to meet their burden of showing Shopify in anyway purposefully availed itself of jurisdiction in Pennsylvania or that it would comport with traditional notions of fair play and substantial justice for Shopify to be called into Court in Pennsylvania, especially when it has no offices or employees in the forum, does not target its business at the forum and, in this case, the account was initially established by a Florida resident. For these reasons, the Court should dismiss all claims against Shopify for lack of personal jurisdiction.

### III.     ALTERNATIVELY,  PLAINTIFFS' COPYRIGHT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Even if this Court did have personal jurisdiction over Shopify (which it does not), Plaintiffs' Copyright Act against Shopify should nonetheless be dismissed because Plaintiffs fails to specifically plead that Plaintiffs, in fact, own a registered copyright or to identify it. Under the caselaw of this Circuit, this is a fatal defect in Plaintiffs' Complaint that warrants dismissal per se.

As a threshold matter, 17 U.S.C. § 411(a) (2012) provides in relevant part: "[N]o action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." Plaintiffs' abject failure to allege they are in possession of a valid copyright registration warrants dismissal of their Copyright Act claims. Indeed, our Courts have long held that registration of a copyright is a precondition to a

copyright claim. For instance, in Patrick Collins, Inc. v. Does 1-26, 843 F. Supp. 2d 565, 568 (E.D. Pa. 2011), the Honorable Legrome Davis explained a plaintiff cannot even bring a copyright claim if the plaintiff has no registration:

> Plaintiff's complaint does not allege a viable copyright infringement claim properly before the Court because the work in question, "Asa Akira is Insatiable 2,"has not yet been registered with the United States Copyright Office. Under 17 U.S.C. § 411(a), absent certain circumstances not applicable here, **one cannot bring a copyright infringement action until the copyright is registered**. It follows that "a party may not state a prima facie case of copyright infringement where the party does not hold a registered copyright in accordance with 17 U.S.C. § 411(a)." Telebrands Corp. v. Exceptional Prods. Inc., No. 11–CV–2252, 2011 WL 6029402, at *3 (D.N.J. Dec. 5, 2011) (citation omitted).

Id. (emphasis supplied). See also, Marino v. Usher, No. CIV. 11-6811, 2014 WL 2142118 (E.D. Pa. May 21, 2014) (granting summary judgment to defendant in copyright action and holding plaintiff could not assert claim where the plaintiff failed to register the work at issue).

In circumstances similar to the case at bar, in Goodman v. Harry Fox Agency, CIV. 03-1176 (JBS), 2003 WL 25269381 (D.N.J. Dec. 30, 2003), a court in this Circuit dismissed a plaintiff's claim because he failed to allege that he was an owner of the copyright he alleged the defendants' infringed. Similarly, a number of courts have determined that a complaint alleging federal copyright infringement must include an allegation of possession of a valid copyright registration. See Damiano v. Sony Music Entm't, Inc., 975 F.Supp. 623 (D.N.J. 1997) (discussing that ownership of a valid copyright is required for a prima facie case of copyright infringement), appeal dismissed, 166 F.3d 1204 (3d Cir. 1998); Cramer v. Crestar Fin. Corp., 38 U.S.P.Q.2d 1684, 1696 (4th Cir. 1995) (barring copyright infringement claims that did not allege possession of a valid copyright registration because registration is a prerequisite to filing an infringement action); Techniques, Inc. v. Rohn, 592 F.Supp. 1195, 1198 (S.D.N.Y. 1984) (dismissing a

copyright infringement complaint because failure to plead ownership of a valid registration was a jurisdictional defect).

In light of the foregoing authority, Plaintiffs' failure to state a claim for copyright infringement is both clear and unambiguous and, therefore, Plaintiffs' Complaint against Shopify should be dismissed with prejudice.

## IV. THIS COURT LACKS JURISDICTION TO HEAR THE REMAINDER OF PLAINTIFFS' CLAIMS AGAINST SHOPIFY

Although Plaintiffs fail to identify *any* jurisdictional basis for bringing their claims before this Court, the sole potential basis for this Court's jurisdiction is Plaintiffs' Copyright Act claims, as there is plainly no diversity. However, as set forth above, those claims are fatally flawed, leaving Plaintiffs with only their common law claims. Plaintiffs' Complaint offers no jurisdictional basis for these claims to be heard before this Court. (See Complaint, Docket Entry No. 1.) O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D. 266, 281 (E.D. Pa. 2003) ("Complaint must affirmatively demonstrate that the claim is within the subject matter jurisdiction of the federal court because these tribunals are courts of limited jurisdiction.").

As this is a Court of limited jurisdiction and the Plaintiffs fail to offer a jurisdictional basis of their claims to be heard, they should be dismissed with prejudice.

## CONCLUSIONS

For the foregoing reasons, Defendant Shopify, Inc. respectfully submits that Plaintiffs' Complaint should be dismissed with prejudice.

Dated: March 24, 2015

**FLASTER GREENBERG, P.C.**
*/s/ Adam Gersh*
Adam E. Gersh (Attorney I.D. 92405)
**FLASTER/GREENBERG, P.C.**
Commerce Center
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002-4609
Telephone No. (856) 661-1900
Facsimile No. (856) 661-1919
adam.gersh@flastergreenberg.com
*Attorneys for Defendant Shopify, Inc.*