IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES RITA BROWNE, ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 14-4711 |
| VALORI L. ZASLOW, ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                  **MAY  4 , 2015**

Presently before the Court is Defendant Valori L. Zaslow's Motion to Dismiss Plaintiffs'
Complaint (ECF No. 4), and Defendant Shopify, Inc.'s Motion to Dismiss Plaintiffs' Complaint
(ECF No. 34).  For the following reasons, Zaslow's and Shopify's Motions will be granted in
part.

## I.  BACKGROUND

This action involves a business dispute between individuals in an internet-based retail
venture.  Plaintiffs' Complaint asserts claims for infringement under the Copyright Act, 17
U.S.C. § 101 *et seq.*, as well as a number of state law claims.  Defendants move to dismiss the
action on substantive legal and jurisdictional grounds.

### A.     Factual Background

Defendant Valori Zaslow ("Zaslow") owned and operated ReEvent, LLC, a retail
business engaged in the sale of goods and services related to events and parties.  (Compl. ¶¶ 20,
23, ECF No. 1.)  Plaintiffs Allegra Saens Coleman ("Coleman") and her mother Dolores Rita
Browne ("D. Browne") discussed with Zaslow the possibility of forming an internet-based
business, whose website would be a "marketplace for the sale, rental, consignment and
marketing of event related goods and services."  (*Id.* ¶ 21.)  On August 12, 2013, they entered

into an Operating Agreement to form ReEvent Enterprises, LLC ("REE").   (Operating

Agreement, Compl. Ex., ECF No. 1 at 119-23.)[1]  D. Browne, Coleman, and Zaslow were the

sole members of REE.  (*Id.*, ECF No. 1 at 120.)   Since certain parts of her ReEvent, LLC

business were to merge with REE, Zaslow was given a 60% ownership stake in REE.  (Compl.

¶¶ 23, 25.)  D. Browne and Coleman were each given a 20% ownership stake in REE,

respectively.  (*Id.* ¶ 23.)  The Operating Agreement provided that any "real and personal property

purchased by [REE] with [REE] funds shall be owned by [REE] for the exclusive use of [REE]."

(Operating Agreement, ECF No. 1 at 122.)

 Under the agreement "[t]he purposes and nature of [REE], to be conducted and promoted,

is to establish and maintain a website" for the retail business.  (*Id.*, ECF No. 1 at 122.)  While the

parties divided responsibilities for the start-up of REE, D. Browne and Coleman had the primary

responsibility of developing this website.  (Compl. ¶ 26.)  To do this, D. Browne and Coleman

retained the services of their son and brother, Plaintiff Jonathan O'Neill Browne ("J. Browne"), a

computer programmer with 30 years of experience.  (*Id.*)  He was to "write the code and

software for the site based on the substantive content created and provided by [D. Browne] and

[Coleman]."  (*Id.*)  J. Browne represents that, at the time he began work on the website, he

"understood" that REE "would own and maintain the website."  (J. Browne Decl. ¶ 5, Compl.

Ex., ECF No. 1 at 82.)  D. Browne agrees with this representation (D. Browne Decl. ¶ 3, Compl.

Ex., ECF No. 1 at 100), and Coleman does not dispute this representation.  (Coleman Decl.,

Compl. Ex., ECF No. 1 at 125.)

---

[1] The Exhibits to the Complaint are not clearly identified and marked.  These Exhibits are
filed at ECF Nos. 1 and 1-1.  For ease of reference, we use the ECF page number when citing to
an Exhibit to the Complaint.

The start-up of REE, and development of its website, also required certain costs.  The Operating Agreement lists two specific start-up costs:  a computer, as payment to J. Browne for his services, and the monthly costs of hosting the website with Defendant Shopify, Inc., a third-party website host.  (Operating Agreement, ECF No. 1 at 122.)  J. Browne understood and agreed that the computer was to be the sole compensation for his services.  (Compl. ¶ 27; *see also* June 11, 2014 Ltr., Compl. Ex., ECF No. 1-1 at 27.)  To cover these start-up costs, D. Browne, Coleman, and Zaslow collectively borrowed a little over $4,000.  (Coleman Decl. ¶ 13, ECF No. 1-1 at 1; *see also* June 11, 2014 Ltr., ECF No. 1-1 at 27.)  Consistent with the agreed-upon fee-arrangement, J. Browne was provided with a new computer by the REE parties.  The REE parties also jointly contributed funds to open and maintain the Shopify account.  (Compl. ¶ 34.)

The REE Operating Agreement required the website to be completed within three months of J. Browne receiving the computer.  (Operating Agreement, ECF No. 1 at 122.)  Beginning his work for the website, J. Browne opened an account with Shopify to serve as the third-party internet host.  (Compl. ¶ 28.)  D. Browne held the administrative access and control to the Shopify account.  (*Id*. ¶ 4; J. Browne Decl. ¶ 11, ECF No. 1 at 83-84.)  D. Browne and Coleman "designed the website and created the substantive content for the website."  (Compl. ¶ 31.)  At their direction, J. Browne translated D. Browne's and Coleman's "artistic, design and substantive content" into code.  (*Id*.)  J. Browne stored this code on the Shopify servers.  (*Id*.)  The major work for the design and creation of the website was performed by D. Browne and Coleman, with Zaslow offering assistance to a far lesser extent.  (*Id*. ¶ 32.)  This work-load arrangement was in accordance with the parties' Operating Agreement.  (*Id*. ¶ 33.)  It is unclear from the pleadings when the REE website was finalized, if ever.

3

As things progressed, the Parties' REE relationship soured for reasons that are not entirely clear.  Allegations arose that duties imposed by the Operating Agreement were not being fulfilled.  (*Id*. ¶ 35.)  Efforts to rescind the Operating Agreement and restructure the ownership arrangement of REE were made.  (*Id*. at ¶¶ 36-37, 41; *see also* June 11, 2014 Ltr., ECF No. 1-1 at 26 ("At this juncture…Coleman and [D.] Browne will not work in an LLC with Ms. Zaslow in which Ms. Zaslow has a 60% interest.  Period.  End of story.  End of discussion.").)  Following efforts to restructure their business arrangement, Zaslow attempted to have Shopify terminate the REE account.  (Compl. ¶ 38.)  Shopify contacted D. Browne regarding this request.  (*Id*. ¶ 39.) In response, D. Browne caused Shopify to deny Zaslow access to the REE account.  (*Id*. ¶ 40.) In the weeks that followed, D. Browne and Coleman, on the one hand, and Zaslow, on the other, contacted Shopify asserting ownership rights to the REE account.  (*Id*. ¶¶ 43-44.)  So as not to intervene in the Parties' dispute, Shopify informed the Parties that it would deny access to the REE account to all concerned until the Parties resolved their differences.  (*Id*. ¶ 45.)  This was done in accordance with the agreed-upon terms of Shopify's user agreement.  (*Id*. ¶¶ 55-56.)

**B.    Procedural Background**

Following unsuccessful attempts at resolving their disputes, this litigation ensued. Plaintiffs filed a Complaint in this Court on August 12, 2014 making numerous claims against Zaslow and Shopify.  Plaintiffs assert federal claims under the Copyright Act (Compl. Counts I and II), and they also assert the following state-law causes of action:  breach of contract (Count III), rescission of the Operating Agreement (Count IV), breach of the covenant of good faith and fair dealing (Counts V and VI), "quantum meruit and equitable distribution" (Count VII), breach of fiduciary duty (Counts VIII and IX), negligence (Counts X and XI), gross negligence (Counts XII and XIII), "intentional interference with existing contractual relations" (Count XIV),

4

"intentional interference with a prospective contractual relations [sic]" (Count XV), and "declaration that all or some of the damage disclaimer provisions in the Shopify terms of service are not enforceable" (Count XVI).  Ancillary to each of these causes of action, Plaintiffs also seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  (*Id*. at Counts I-XVI.)  In addition to compensatory damages and equitable relief, Plaintiffs seek the award of attorney's fees and punitive damages.

On September 3, 2014, Zaslow responded to Plaintiffs' Complaint by filing a Motion to Dismiss (ECF No. 4).  This prompted a litany of filings.  Plaintiffs filed a Response in opposition, which included a notice that they intended to seek sanctions pursuant to Federal Rule of Civil Procedure 11 against Zaslow for filing her Motion to Dismiss.  (ECF No. 9.)  On October 8, 2014, Zaslow moved to strike Plaintiffs' Response and notice of intent to seek sanctions.  (ECF No. 11.)  Plaintiffs thereafter filed a Motion for Sanctions on October 19, 2014, contending Zaslow's Motion to Dismiss was frivolous.  (ECF No. 13.)  On February 16, 2015, Zaslow filed her own Motion for Sanctions, contending this lawsuit was frivolous.  (ECF No. 28.)  Responses in opposition have been filed with regard to these ancillary Motions.

We referred the matter to Magistrate Judge Lynne A. Sitarski to conduct a settlement conference.  (ECF No. 21.)  Settlement conferences were held before Magistrate Judge Sitarski on December 24, 2014 (ECF No. 24), on March 3, 2015 (ECF No. 29) and on April 6, 2015 (ECF No. 37.)  Despite the best efforts of Magistrate Judge Sitarski, an amicable resolution of this matter was not reached.

On March 12, 2015, while the settlement conferences were on-going with Magistrate Judge Sitarski, Zaslow proceeded to file her own lawsuit.  (*See Zaslow, et al v. Coleman, et al.*, No. 15-1272.)  Zaslow named the Plaintiffs as defendants, along with their attorney and other

corporate entities. (*Id*. at Compl., ECF No. 1.) She also filed a Motion for a temporary restraining order. (*Id*. at Mot. for Temporary Restraining Order, ECF No. 2.) Zaslow's lawsuit is based upon the very dispute at issue here, but also alleges additional facts as to actions allegedly taken by the Plaintiffs and their attorney. Upon a review of Zaslow's Complaint and Motion for a temporary restraining order, it appeared that the federal claims that she raised may face the same objections that she has raised here. Accordingly, we *sua sponte* raised the issue of properly plead federal subject-matter jurisdiction, and invited the parties to submit briefs addressing this issue. (*Id*. at Apr. 9, 2015 Ord., ECF No. 11.)

When it became clear that Plaintiffs and Zaslow had no intention of resolving their dispute, Shopify filed its own Motion to Dismiss on March 24, 2015. (ECF No. 34.) Plaintiffs failed to timely respond to Shopify's Motion. However, on April 15, 2015, Plaintiffs filed a Motion for leave to file an amended complaint. (ECF No. 40.) Plaintiffs' proposed amended complaint appears to be an attempt to cure certain deficiencies of the original Complaint as raised in Shopify's Motion to Dismiss.

## II.    LEGAL STANDARD

Zaslow and Shopify move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(b)(1).

### A.    Federal Rule of Civil Procedure 12(b)(6)

 Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that

show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).   Nevertheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them."  *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

### B.    Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction over the case.  The party asserting that jurisdiction is proper bears the burden of showing that jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  A challenge to jurisdiction may be either factual or facial.  *See CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 147-55 (3d ed. 2004)).  Where the challenge is facial, courts must take the well-pleaded facts of the complaint as true and must draw all inferences in a manner most favorable to the plaintiff.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

7

### III.    DISCUSSION

Zaslow and Shopify move to dismiss Plaintiffs' federal causes of action under Rule 12(b)(6), for a failure to state claims for relief.  They also move to dismiss the remaining state law claims under Rule 12(b)(1), for lack of subject-matter jurisdiction.  Shopify also moves to dismiss, arguing a lack of personal jurisdiction under Rule 12(b)(2).

### A.    Plaintiffs' Claims of Infringement Arising Under the Copyright Act

Plaintiffs base their claim for copyright infringement on the allegation that Zaslow made an improper claim of ownership to the Shopify account, which in turn caused them to lose access to the REE website code.  They allege Zaslow's actions, along with Shopify's denial of access to the REE account, constitutes copyright infringement.  Zaslow and Shopify move to dismiss this claim, contending that Plaintiffs have failed to allege the required elements of copyright infringement.

"In cases where copyright infringement is at issue, the Court should first consider whether there has been infringement by comparing each of the allegedly infringing works against the restored work.  The test for copyright infringement is well-established.  There are two essential elements: ownership of copyright, and copying by the defendant."  *Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002).  Thus, "in order to withstand a motion to dismiss, a complaint based on copyright infringement must allege:  (1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. §§ 101 *et seq.*; and (4) by what acts the defendant infringed the copyright."  *Key Consol. 2000, Inc. v. Troost*, 432 F. Supp. 2d 484, 488 (M.D. Pa. 2006) (citation omitted).

8

With regard to the ownership element, proof of ownership is typically established by attaching to a complaint a copy of the Copyright Office registration. *See Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 635 (E.D. Pa. 2007). Indeed, prior registration of the copyright with the Copyright Office is a precondition to instituting a copyright action. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim. . ."). Courts are divided over whether simply applying to the Copyright Office (the "application" approach) is sufficient, or whether issuance of the registration (the "registration" approach), is required to satisfy § 411. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615-16 (9th Cir. 2010) (collecting cases and noting circuit split).

The Third Circuit has not definitively addressed this issue. Nevertheless, in light of the case *Dawes-Lloyd v. Publish America, LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011) (per curiam), which holds that a plaintiff could not establish a *prima facie* case of infringement because it did not hold a *registered* copyright, we concur with the well-reasoned opinion of our colleague Judge Davis that the Third Circuit would adopt the "registration" approach. *Patrick Collins, Inc. v. Does 1-26*, 843 F. Supp. 2d 565, 569 (E.D. Pa. 2011) (Davis, J.). Therefore, to satisfy § 411 and establish one of the required elements of an infringement claim, Plaintiffs must establish that they hold a registered copyright to the website code. Plaintiffs do not allege that they hold a registered copyright for the website code. They do not attach any registration to their Complaint.

Therefore, they have failed to comply with § 411.[2]  This failure to comply with § 411 constitutes sufficient grounds for dismissal.  *Dawes-Lloyd*, 441 F. App'x at 957.  There are, however, other grounds for dismissal here.

Section 501 of the Copyright Act defines "infringement" to mean any violation of any "of the exclusive rights of the copyright owner as provided by sections 106 through 122."  17 U.S.C. § 501(a).  In particular, § 106 sets forth six exclusive rights that the owner of a copyright possesses and can authorize.  17 U.S.C. § 106.  While § 501 does not set forth an exhaustive definition, "it is well established that a common law term, such as copyright infringement, 'comes with a common law meaning, absent anything pointing another way.'"  *Capitol Records, Inc. v. MP3tunes, LLC*, 821 F. Supp. 2d 627, 641 (S.D.N.Y. 2011) (quoting *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. ___, ___, 131 S. Ct. 2238, 2245 (2011)).

Plaintiffs allege that Zaslow and Shopify have infringed four of the six exclusive rights, specifically those set forth in §§ 106(1)-(3) and (5).  (Compl. ¶¶ 62(b) & 65(b); Pls.' Br. in Opp. 15-16, ECF No. 9-2.)  These four exclusive rights are as follows:

    (1)      to reproduce the copyrighted work in copies or phonorecords;

    (2)      to prepare derivative works based upon the copyrighted work;

    (3)      to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

---

[2] In their Motion for leave to file an amended complaint, and within the proposed amended complaint, Plaintiffs allege that they have preregistered the website code with the Copyright Office.  They also cite to 37 C.F.R. § 202.16(c)(13) for the proposition that preregistration sufficiently meets the requirements of § 411.  However, Plaintiffs fail to account for the plain language of 37 C.F.R. § 202.16(c)(13), wherein it states, "[t]he fact that a work has been preregistered does not create any presumption that the Copyright Office will register the work upon submission of an application for registration."  As noted above, in the Third Circuit, pre-registration alone is not sufficient to meet the requirements of § 411.  *Dawes-Lloyd*, 441 F. App'x at 957; *Patrick Collins, Inc.*, 843 F. Supp. 2d at 569.  Accordingly, nothing contained within the proposed amended complaint establishes the registration requirement of § 411.

. . .

> (5)    in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly.

17 U.S.C. § 106.

None of the allegations in the Complaint amount to an infringement on any of these rights.  Zaslow's purported assertion of an ownership interest in the REE Shopify account, which caused Shopify to disable access to all parties to the REE account, does not constitute copyright infringement.  This allegation does not constitute reproduction or copying of a copyrighted work. It does not constitute preparation of a derivative work based upon a copyrighted work.  It does not constitute distribution or sale of a copyrighted work.  And it does not constitute public display of a copyrighted work.  If a defendant's acts do not "conflict with an 'exclusive' right conferred by the statute, it is no infringement of the holder's rights."  *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 155 (1975); *see also Wolfe v. United Artists Corp.*, 583 F. Supp. 52, 55 (E.D. Pa. 1983).

Even if J. Browne, or Plaintiffs collectively, could establish ownership of a registered copyright in the website code, they do not make any allegation that Zaslow or Shopify infringed their code.  There are no allegations that Zaslow or Shopify copied, distributed, or published the website code without prior authorization.  Instead, they allege only that Zaslow's actions have denied them access to the REE Shopify account.  The Copyright Act serves to protect interests in copyrightable material.  It does not serve to protect access to the REE Shopify account.

This temporary denial of access to the REE Shopify account—an account which was opened for the purpose of operating, and paid for by funds from, REE—simply does not constitute copyright infringement.  As a practicable matter, it is inconceivable that a veteran

11

software engineer such as J. Browne would fail to retain a copy of the code he uploaded onto the Shopify servers.  Again assuming Plaintiffs owned copyrightable material, they would be free to use the website code as they wished.  Access to Shopify's servers is not a precondition to exercising § 106 rights.  And it is certainly not contemplated within the ambit of copyright infringement under the Act.

Taking the allegations of the Plaintiffs as true, Plaintiffs have not sufficiently pleaded infringement of a registered copyright.  Absent allegations that establish infringement, Plaintiffs fail to plead a *prima facie* case of copyright infringement.  Therefore, Zaslow's Motion and Shopify's Motion will be granted as to these claims.  Counts I and II of the Complaint alleging infringement will be dismissed with prejudice.[3]

B.    **Jurisdiction Over Plaintiffs' Remaining Claims**

We next address whether we have jurisdiction over Plaintiffs' remaining claims, specifically the claims arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, and state law.  Although we have dismissed Plaintiffs' claims for copyright infringement plead at Counts I and II, Plaintiffs also assert claims for declaratory relief in Counts I and II, as well as each state-law based Count.

---

[3] As noted above, Plaintiffs have filed a Motion for leave to amend.  The proposed amended complaint adds only the allegations that Plaintiffs have preregistered the website code with the U.S. Copyright Office, and contends that preregistration is sufficient for § 411 purposes. Not so, as discussed *supra* at n.2.  While requests for leave to amend are generally granted in liberal fashion, a court may deny leave to amend where the amendment would be futile.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Id.* (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).  The proposed amended complaint, as is the case here with the original Complaint, fails to establish either ownership of the code or that Defendants actually infringed that code.  Thus, Plaintiffs do not provide anything to suggest that granting leave to amend would be anything other than futile.

The Declaratory Judgment Act, itself, does not provide an independent basis for jurisdiction in federal courts. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672-74 (1950); *Trent Realty Assocs. v. First Fed. Sav. and Loan Ass'n of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citing *Skelly Oil Co.*, *supra*). "Federal question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law." *Honeywell Intern. Inc. v. Intern. Union, United Automobile, Aerospace and Agricultural Implement Workers of Am.*, 502 F. App'x 201, 204 n.4 (3d Cir. 2012) (quoting *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 862 (11th Cir. 2008)). For jurisdictional purposes, it is of no consequence that Plaintiffs assert a request for declaratory relief in Counts I and II, the sole Counts raising a question of federal law. Having dismissed the sole claims raising a question of federal law, we are thus without jurisdiction under 28 U.S.C. § 1331 to hear Plaintiffs' claims for declaratory relief. *See*, *e.g.*, *Tasini v. New York Times Co., Inc.*, 184 F. Supp. 2d 350, 358-59 (S.D.N.Y. 2002) (dismissing declaratory judgment action involving purported claims alleged to arise under the Copyright Act).

With regard to Plaintiffs' state-law claims, Plaintiffs do not assert diversity jurisdiction under 28 U.S.C. § 1332, and we perceive no basis for doing so. Although Plaintiffs seek declaratory relief under the Declaratory Judgment Act in all remaining Counts of their Complaint, as noted above, the Act does not independently confer jurisdiction over Plaintiffs' case.

In light of the foregoing, and pursuant to 28 U.S.C. § 1367(c)(3), we will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) (stating that under § 1367(c)(3) "a district

13

court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.") (internal quotation marks and citation omitted).  Accordingly, we will grant Zaslow's Motion and Shopify's Motion to dismiss under Rule 12(b)(1), and dismiss the remainder of Plaintiffs' claims without prejudice.

## IV.    CONCLUSION

Based upon the foregoing, Plaintiffs have failed to allege a claim for copyright infringement.  Zaslow's and Shopify's Rule 12(b)(6) Motions will be granted in part, and the claim for copyright infringement will be dismissed.  Lacking jurisdiction over the remaining state law claims, we will grant Zaslow's and Shopify's Rule 12(b)(1) Motions.

An appropriate Order follows.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**

14